UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

MICHAEL JAMES WELLS,

                        Plaintiff,

                                                Case # 16-CV-6850-FPG

      v.

                                                DECISION & ORDER

CAPTAIN BRYAN NORRIS and
CAPTAIN ROBERT SHIELDS, individually and in their
official capacities,

                        Defendants.
───────────────────────────────

On January 14, 2019, Defendants filed a motion for summary judgment. ECF No. 36. Two days later, the Court received a letter from Defendants requesting that it seal security footage from Five Points Correctional Facility and Plaintiff's medical records that are referenced in and, in the case of the medical records, attached to the motion. *See* ECF No. 38. The same day, the Court ordered Defendants to file a motion to seal the materials pursuant to the Local Rules of Civil Procedure. *Id.* The next day, January 17, Defendants filed a motion to seal Plaintiff's medical records, but not the security footage; instead, they want the footage filed conventionally. ECF No. 39-1. For the reasons stated, Defendant's motion to seal, ECF No. 39, is GRANTED.

The Second Circuit has deemed "[t]he common law right of public access to judicial documents" as "firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also id.* at 120 (recognizing that the public and press have a qualified First Amendment right to access judicial documents and attend judicial proceedings). Consequently, when a party moves to seal documents, the Court must undertake a three-step process to determine whether the documents at issue should be sealed. *See id.* at 119-20. The

burden of showing that the documents should be sealed rests on the movant. *E.g.*, *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621-22 (S.D.N.Y. 2011).

The Court must first determine whether the documents are "judicial documents" to which the presumption of access attaches. *See Lugosch*, 435 F.3d at 119. A "judicial document" is "relevant to the performance of the judicial function and useful in the judicial process;" merely filing a document with the Court "is insufficient to render that paper a judicial document subject to the right of public access." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).

Next, if the documents are judicial, the Court must determine the weight of the presumption of access. *Id.* The weight is based on the role the documents play in the Court's "exercise of the Article III judicial power" and the consequent value of the information to those who monitor federal court proceedings. *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*")). Generally, the role will fall on a "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *Amodeo II*, 71 F.3d at 1049). For example, documents exchanged during discovery are "beyond the presumption's reach and stand on a different footing" than documents filed in support of a motion. *Lytle*, 810 F. Supp. 2d at 621 (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted).

Finally, the Court must balance the weight of the presumption against "competing considerations." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted). Examples of the latter include "the danger of impairing law enforcement or judicial

efficiency and the privacy interests of those resisting disclosure." *Id.* (quoting *Amodeo II*, 71 F.3d at 1050) (quotation marks omitted).

Here, Plaintiff's medical records should be sealed. Applying the required analysis, Plaintiff's medical records were filed in support of Defendant's motion for summary judgment, which makes them judicial documents carrying a strong presumption of access. *See Lytle*, 810 F. Supp. 2d at 621 (quoting *Amodeo II*, 71 F.3d at 1050). However, Plaintiff has a stronger interest in maintaining the privacy of his medical records. Indeed, this Court and other district courts within the Second Circuit routinely seal medical records. *E.g.*, *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010). Accordingly, Defendant's motion to seal, ECF No. 39, is GRANTED.

IT IS SO ORDERED.

Dated: January 23, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT